**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MAUREEN E. STANLEY,**
      **Plaintiff,**

**v.**                                   **Civil Action No. 1:11 cv 54**

**THE HUNTINGTON NATIONAL BANK,**
      **Defendant.**

## MEMORANDUM OPINION AND ORDER

The within civil action was filed in the Circuit Court of Monongalia County, West Virginia and removed to this Court.  Plaintiff, Maureen Stanley [Stanley] alleges she and her now deceased husband took out a personal line of credit loan with The Huntington National Bank [Bank] on March 9, 2009 for $100,000 secured by a credit line deed of trust on their residential real estate.  Stanley claims the loan included a policy of credit life insurance on the life of Charles F. Stanley to insure the loan balance.  She further claims her husband, Charles F. Stanley died November 29, 2009 and after his death she made claim on the credit life insurance but the Bank failed to process the claim or maintain contact with her.  She sues Bank for breach of contract, violation of the West Virginia Consumer Protection Act, and Punitive Damages.  Bank denies liability.

### I.  Procedural History

Pursuant to the Court's Scheduling Order dated May 5, 2011 [DE 13] expert witness disclosures were due August 8, 2011 and discovery is to be completed by October 3, 2011 in preparation for a trial on February 14, 2012.

August 29, 1011 Bank disclosed its expert witnesses [DE 22].

August 30, 2011 Stanley objected to Bank's disclosed experts [DE 25].

### II.  Contentions of Parties

**Stanley**

Stanley contends Bank should not be permitted to call her personal treating physician as an expert witness to testify to possible treatment of her alleged treatment for memory loss because:

1)      evidence of a psychiatric disability may be introduced when it affects the credibility of a material witness only after a showing has been made that the expert has had an opportunity to make a diagnosis that the disorder affects the person's credibility;

2)      admission of psychiatric opinion testimony to impeach a witness is within the discretion of the trial judge;

3)      psychiatric testimony should not be used to impeach the credibility of a witness since it involves "many dangers" including: a) irrelevant testimony, b) testimony of a psychiatrist who is in no better position than the jury to evaluate credibility, c) may be misunderstood by the jury, d) may distract the jury, e) may cloud rather than clarify the issue, f) may be time consuming, g) costly,  and /or h) may result in the jury placing too much reliance on the testimony of the psychiatrist. [DE 29]

Stanley further contends Bank should not be permitted  to call the deceased Stanley's treating physician as an expert witness because:

1)      Stanley has already testified to her late husbands physical and mental state at the time of the loan closing;

2)      her late husbands mental and physical state are attested to by medical records on which Bank made its decision to deny payment of the credit insurance product; and

3)      prejudicial effect of such evidence outweighs its probative value. [DE 29].

September 7, 2011 Bank filed its response [DE 28].  Bank contends Stanleys signed a form at the loan closing that confirmed that "neither of them had been diagnosed with, or treated for, any

'brain, nervous system or mental/neurological disorder' at any time during the two year period preceding the application for the loan." Bank further contends Mr. Stanley had been diagnosed with Parkinson's disease well before the applicable two year period and died, in part because of his Parkinson's on November 29, 2009, less than a year after securing the line of credit from Bank. Bank contends it denied Stanley's claim based upon misrepresentations made on application for the debt cancellation product. Bank further contends Stanley and her daughter have provided affidavits in which they claim the loan closing officer was told of Mr. Stanley's health condition and that the loan closing officer represented the debt cancellation product would pay off the entire balance of the loan, not just $50,000.00 thereof. Bank contends that while the medical providers it has noticed may be primarily fact witnesses, they may also be called upon to provide expert opinions.

**Bank**

Bank contends:

1)    Stanley's objections are premature because Bank is unsure at this time it will offer any medical evidence at trial.

2)    Pursuant to F.R.E. 402 all "relevant evidence" is admissible;

3)    Relevant evidence is defined by F.R.E. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

## III.  Discussion

District Judge Stamp's scheduling order provides in pertinent part:

1)    "The party bearing the burden of proof on an issue shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(A) and (B) for that issue to all parties or their counsel no later than August 8, 2011."

2)    "The party not bearing the burden of proof on an issue shall make the disclosures required

by Fed.R.Civ.P. 26(a)(2)(A) and (B) to all other parties or their counsel no later than August 29, 2011."

3)      "The disclosures required by Fed.R.Civ.P 26(a)(2)(A) and (B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case."

It is obvious from the arguments made [not the pleadings] that the major issue, at this juncture of the case,  will be whether Bank's closing officer was told, knew, or by the exercise of reasonable care should have known, of Mr. Stanley's illness and failed to note the same on the application signed by Stanleys or whether the Stanleys knew of and misrepresented  Mr. Stanleys health condition on the application they signed.

To the extent it is not stipulated that Mr. Stanley and Mrs. Stanley knew Mr. Stanley suffered from Parkinson's disease or other "brain, nervous system or mental/neurological disorder" before and at the time they signed the application for the loan and debt cancellation product, Mr. Stanley's medical records and testimony of his treating physician would be relevant to that issue. [F.R.E. 401 and 402].

It is premature to make any determination whether Mr. Stanley's treating physician would be more than a fact witness relative to the issue of whether the Stanleys knew of Mr. Stanleys medical condition and failed to disclose the same on the signed loan application and application for debt reduction product.  Those records are not even in the hands of counsel as of the argument on the objections.  Therefore, it is also premature for the Court to consider prejudice vs. probative value argument under F.R.E. 403.  The disclosures required by Fed.R.Civ.P 26(a)(2)(A) and (B) are not required relative to Mr. Stanley's treating physician.

With respect to Mrs. Stanley's treating physician or physicians, their fact testimony is relevant to the credibility issue of whether her memory was impaired during the time period surrounding the loan closing in question under F.R.E. 401 and 402.  Mrs. Stanley claims to clearly

recall telling the loan closing officer of Mr. Stanley's condition.  Yet her deposition testimony seems to indicate she may have been treated for poor memory prior to the loan closing and since.  Again, it is premature to determine whether any opinion testimony from Mrs. Stanley's treating physicians will be sought on the issue of memory or, if sought, whether the same will be admissible under F.R.E. 702, 703 and 704(a) or excluded under F.R.E. 403.

Moreover, the testimony of the treating physicians for Mr. Stanley may be relevant to an issue that may be raised as to whether his condition at the time of closing was such [obvious to the point] that the loan closing officer knew or should have known his condition disqualified him for the debt reduction product.

## IV.  **Decision**

For the reasons herein set forth Stanley's objections to Banks expert disclosures [DE 25] are **OVERRULED WITHOUT PREJUDICE.**

It is so **ORDERED**.

The clerk is directed to provide electronic notice of this **MEMORANDUM OPINION AND ORDER** to counsel of record.

The clerk is further directed to make appropriate docket entries so as to remove DE 25 from the docket of motions actively pending before the Court.

Dated: 22 September 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE