IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAUREENE E. STANLEY, individually
and as personal representative of
the Estate of Charles F. Stanley,
deceased,

     Plaintiff,

v.                       Civil Action No. 1:11CV54
                                       (STAMP)

THE HUNTINGTON NATIONAL BANK,
a banking corporation,

     Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

I. <u>Background</u>

The plaintiff, Maureene E. Stanley, initiated this civil action by filing a complaint in the Circuit Court of Monongalia County, West Virginia on March 17, 2011. The complaint alleges that the defendant, The Huntington National Bank ("Huntington Bank"), failed to properly process the plaintiff's credit life insurance claim to ensure that her home improvement credit line deed of trust loan was paid off. The plaintiff contends that she paid off her personal line of credit loan by filing the credit life insurance claim, but that the defendant continued to deduct loan payments and insurance premiums from her bank account even after the loan was paid off. The complaint sets forth counts of breach of contract, breach of the West Virginia Consumer Credit and Protection Act, and punitive damages. The defendant removed the

case to this Court on April 20, 2011 pursuant to 28 U.S.C. § 1441(a).

On April 21, 2011, the plaintiff filed an objection to removal and motion to remand. The defendant filed a timely response on April 27, 2011, to which the plaintiff did not reply. The motion to remand is currently pending before this Court.[1] Having reviewed the parties' pleadings and the relevant law, this Court finds that the plaintiff's motion to remand must be denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

---

[1]This Court notes that there are three other pending motions in this case. The plaintiff filed a motion to amend the complaint on September 23, 2011, and the defendant filed a motion to extend the dispositive motion deadline on October 14, 2011. On October 17, 2011, the defendant also filed a motion for summary judgment.

Title 28 U.S.C. Section 1348 grants the district courts original jurisdiction over civil actions commenced by the United States against a national bank association, any civil action to wind up the affairs of such an association, and any action by a banking association to enjoin the Comptroller of Currency. 28 U.S.C. § 1348. Significantly, § 1348 also determines a national bank's citizenship for purposes of diversity jurisdiction. 28 U.S.C. § 1348.

## III. <u>Discussion</u>

In support of her objection to removal and motion to remand, the plaintiff argues that because the defendant's principal place of business is West Virginia, this case lacks diversity and thus, the defendant cannot establish federal jurisdiction. In response, the defendant contends that because Huntington Bank's main office is located in Ohio, it should be deemed a citizen of Ohio. Therefore, according to the defendant, complete diversity exists.

In its response to the plaintiff's motion to remand, the defendant cites to <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303 (2006), in which the United States Supreme Court held that "a corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." <u>Id.</u> at 318. "[A corporation] is not deemed a citizen of every State in which it conducts business or is otherwise amendable to personal jurisdiction." <u>Id.</u> Rather, a national bank such as Huntington Bank is located, for purposes of diversity jurisdiction, in the

State designated in its articles of association as its main office. Id.

In this case, Huntington Bank's main office, as set forth in its articles of association, is located in Ohio. Def.'s Resp. to Mot. to Remand Ex. A. Accordingly, this Court agrees that pursuant to 28 U.S.C. § 1348 and Wachovia Bank v. Schmidt, Huntington Bank is a citizen of Ohio. Therefore, this Court concludes that complete diversity exists and the plaintiff's motion to remand must be denied.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    October 19, 2011


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE