IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAUREENE E. STANLEY, individually
and as personal representative of
the Estate of Charles F. Stanley,
deceased,

      Plaintiff,

v.                                        Civil Action No. 1:11CV54
                                               (STAMP)

THE HUNTINGTON NATIONAL BANK,
a banking corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND DENYING AS MOOT DEFENDANT'S MOTION TO
EXTEND DISPOSITIVE MOTION DEADLINE**

I.   <u>Background</u>

The plaintiff, Maureene E. Stanley, initiated this civil action by filing a complaint in the Circuit Court of Monongalia County, West Virginia on March 17, 2011.  The complaint alleges that the defendant, The Huntington National Bank ("Huntington Bank"), failed to properly process the plaintiff's credit life insurance claim to ensure that her home improvement credit line deed of trust loan was paid off.  The plaintiff contends that she paid off her personal line of credit loan by filing the credit life insurance claim, but that the defendant continued to deduct loan payments and insurance premiums from her bank account even after the loan was paid off.  The complaint sets forth counts of breach of contract, breach of the West Virginia Consumer Credit and Protection Act, and punitive damages.  The defendant removed the

case to this Court on April 20, 2011 pursuant to 28 U.S.C. § 1441(a).  On April 21, 2011, the plaintiff filed an objection to removal and motion to remand, which this Court denied on October 19, 2011.

On September 23, 2011, the plaintiff then filed a motion to amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Specifically, the plaintiff seeks to add a claim of fraud in the inducement based upon misrepresentations made by Huntington Bank's loan officer.  The defendant filed a response to the motion to amend on October 7, 2011, in which it argues that the plaintiff's motion should be denied because she cannot show good cause for why she is moving to amend her complaint at such a late stage in the proceeding.

On October 14, 2011, the defendant filed a motion to extend the October 17, 2011 dispositive motion deadline set forth in this Court's scheduling order.  The defendant requests that this Court extend the deadline to a date approximately thirty (30) days following the date when the Court rules on the plaintiff's motion to amend.  That same day, the plaintiff filed an objection to the motion to extend the dispositive motion deadline, in which she argues that the defendant has failed to show good cause for amending the scheduling order.  Both the motion to amend the complaint and the motion to extend the dispositive motion deadline

are currently pending before this Court.[1]  Having reviewed the parties' pleadings and the relevant law, this Court finds that the plaintiff's motion to amend the complaint must be denied and the defendant's motion to extend the dispositive motion deadline must be denied as moot.

## II.  Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

---

[1]This Court also notes that on October 17, 2011, the defendant filed a motion for summary judgment, which is not yet fully briefed.

III.   <u>Discussion</u>

A.   <u>Motion to Amend the Complaint</u>

As grounds for her motion to amend the complaint, the
plaintiff quotes a statement made by counsel for the defendant at
a motions hearing held before United States Magistrate Judge John
S. Kaull on September 22, 2011.  According to the plaintiff, the
defendant's counsel told the Court at that hearing that "everything
said at the loan closing was irrelevant and inadmissible based on
the parole evidence rule." Mot. to Amend Compl. 2.  Counsel for the
plaintiff objected to this statement and indicated that it was his
belief that everything said at the loan closing was highly relevant
to the plaintiff's claims.   According to the plaintiff, this
exchange between counsel at the motions hearing supports the motion
to amend the complaint to add a claim of fraud in the inducement.

In response, the defendant asserts that the plaintiff's motion
to amend should be denied because she cannot show good cause for
why she is moving to amend her complaint this late in the
proceeding.  The defendant highlights the fact that according to
this Court's scheduling order, all motions to amend pleadings were
to be filed on or before August 1, 2011.  According to the
defendant, the plaintiff has failed to provide a reason to excuse
the almost two month delay in moving to amend the complaint.

When a motion to amend a pleading is filed after a scheduling
order's deadline for such motions, "a moving party first must
satisfy the good cause standard of Rule 16(b).  If the moving party

satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W. Va. 1995); <u>see</u> <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification." <u>Marcum</u>, 163 F.R.D. at 254 (quoting <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)).

This Court agrees that in this case, the plaintiff has failed to satisfy the good cause standard of Rule 16(b). The only stated reason for the motion to amend is that the plaintiff's counsel realized at the September 22, 2011 motions hearing that the defendant may seek summary dismissal of the plaintiff's claims based upon the clear language of the subject contract and the parol evidence rule. This explanation does not address the diligence required to show good cause under Rule 16(b). Moreover, the plaintiff's motion to amend the complaint offers no reasons as to why her fraud in the inducement claim could not have been asserted through a timely amendment pursuant to this Court's scheduling order. Thus, this Court finds that the plaintiff's motion to amend the complaint must be denied.

B.   Motion to Extend Dispositive Motion Deadline

In support of its motion to extend the dispositive motion deadline, the defendant argues that it should not be required to submit a dispositive motion that it might have to later revise and resubmit depending on the outcome of the Court's ruling on the plaintiff's motion to amend the complaint.  The defendant expresses its concern that if the plaintiff is allowed to pursue a claim of fraudulent inducement, that additional claim would alter the defendant's strategy for the filing of dispositive motions. Because this Court is denying the plaintiff's motion to amend the complaint and because the defendant has already filed a timely motion for summary judgment, the motion to extend the dispositive motion deadline can be denied as moot.

## IV.  Conclusion

For the reasons stated above, the plaintiff's motion to amend the complaint is DENIED and the defendant's motion to extend the dispositive motion deadline is DENIED as MOOT.  Accordingly, the dispositive motion deadlines set forth in this Court's May 5, 2011 scheduling order remain unchanged.  The plaintiff is DIRECTED to file any memoranda in opposition to the defendant's motion for summary judgment on or before **November 7, 2011** and any reply memoranda shall be filed by the defendant on or before **November 21, 2011**.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:      October 19, 2011


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE