```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MAUREENE E. STANLEY, individually
and as personal representative of
the Estate of Charles F. Stanley,
deceased,

    Plaintiff,

v.                                      Civil Action No. 1:11CV54
                                                (STAMP)
THE HUNTINGTON NATIONAL BANK,
a banking corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S RULE 60(b) MOTION
FOR RECONSIDERATION OF SUMMARY JUDGMENT**

I.   Background

The plaintiff, Maureene E. Stanley, initiated this civil action by filing a complaint in the Circuit Court of Monongalia County, West Virginia on March 17, 2011. The complaint alleges that the defendant, The Huntington National Bank ("Huntington Bank"), failed to properly process the plaintiff's credit life insurance claim to ensure that her home improvement credit line deed of trust loan was paid off. The plaintiff contends that even after she paid off her personal line of credit loan by filing the credit life insurance claim, the defendant continued to deduct loan payments and insurance premiums from her bank account, causing it to be over-drafted. The complaint sets forth claims of breach of contract, breach of Section 46A-6-104 of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), and punitive damages. The defendant removed the case to this Court on pursuant to 28 U.S.C.

§ 1441(a).  The plaintiff filed an objection to removal and motion to remand, which this Court denied.

On September 23, 2011, the plaintiff filed a motion to amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure in order to add a claim of fraud in the inducement based upon misrepresentations allegedly made by Huntington Bank's loan officer.  This Court denied the plaintiff's motion to amend on October 19, 2011, finding that the plaintiff had failed to satisfy the good cause standard of Rule 16(b).  In that opinion, this Court also denied as moot the defendant's motion to extend the dispositive motions deadline.

Prior to the Court's denial of the plaintiff's motion to amend her complaint, the defendant filed a motion for summary judgment. On January 27, 2012, this Court issued a memorandum opinion and order granting the defendant's motion for summary judgment.  The following day, the plaintiff filed a Rule 60(b) motion for reconsideration of summary judgment.  Because the plaintiff has failed to set forth adequate grounds for relief from final judgment, this Court finds that the motion for reconsideration must be denied.[1]

---

[1]This Court notes that on January 31, 2012, the plaintiff filed a notice of appeal to the United State Court of Appeals for the Fourth Circuit.  However, a district court has jurisdiction to entertain a Rule 60(b) motion for relief from an order while that order is on appeal.  Fobian v. Storage Tech. Corp., 164 F.3d 887, 889 (4th Cir. 1999).

II. <u>Applicable Law</u>

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason that justifies relief." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 <u>Moore's Federal Practice -- Civil</u> § 60.48. Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances." <u>See</u> <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 863-64 (1988).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of a

motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." Prudential Sec., Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

### III.  Discussion

Rather than arguing that certain grounds set forth in Rule 60(b) of the Federal Rules of Civil Procedure support relief from final judgment, the plaintiff's motion for reconsideration expresses her dissatisfaction with the timing and reasoning of this Court's ruling on the defendant's motion for summary judgment. The plaintiff begins by stating that the "last minute" ruling by the Court dismissing the case severely prejudices her because her counsel spent a great amount of time, effort, and expense preparing for trial, which was scheduled to begin on February 14, 2012. The plaintiff apparently assumed that the defendant's motion for

4

summary judgment would be denied.  While the plaintiff initially argues that the decision on the motion for summary judgment was inappropriately delayed, she then argues that the decision came too early.  By granting the motion for summary judgment on the Friday before a final settlement conference was scheduled to begin as part of this Court's pretrial conference, the plaintiff contends that the Court "unfairly and cruelly" deprived her of one last chance to settle her case with the defendant.

The plaintiff next addresses the Court's reasoning in its opinion granting summary judgment.  Regarding the plaintiff's breach of contract claim, this Court found that because the terms of the Rider were unambiguous and because the plaintiff had failed to allege any claim of fraud, mistake, or material misrepresentation in her complaint, parol evidence could not be admitted to alter the terms of the Rider.  The plaintiff does not argue that her complaint contained a claim of fraud.  Instead, the plaintiff asserts that her motion to amend her complaint, in which she had previously attempted to add a claim of fraud in the inducement, was "callously and inexplicably denied."[2]  As this Court explained in its memorandum opinion and order denying the plaintiff's motion to amend, the plaintiff's delayed realization that the defendant would seek summary dismissal based upon the

---

[2]The plaintiff states that United States Magistrate Judge John S. Kaull denied to motion to amend the complaint. However, it was the undersigned judge who denied that motion to amend on October 19, 2011 (ECF No. 44).

clear language of the Rider and the parol evidence rule does not justify the amendment of the complaint to include a claim that could have been timely asserted.  Moreover, the plaintiff's failure to offer a reason as to why her motion to amend the complaint was filed as such a late stage in the proceeding -- almost two months after the deadline set forth in this Court's scheduling order -- further supports this Court's denial of her motion to amend.

Next, the plaintiff argues that the Court erroneously dismissed her good faith and fair dealing argument.  Although the plaintiff failed to address this argument in her response to the defendant's motion for summary judgment, she now claims that the defendant's argument is illogical.  The plaintiff also contends that the Court failed to address the case of Folio v. City of Clarksburg,[3] but this case was never cited in the plaintiff's response to the motion for summary judgment.

The plaintiff also takes issue with this Court's dismissal of her WVCCPA claim.  The plaintiff seems to argue that she could not have been expected to read the document that she signed because in the modern world, few people have the "luxury, advantage, benefit or choice" of reading documents before signing.

The plaintiff then alleges that the Court failed to address the case of Keller v. First National Bank,[4] however, contrary to

---

[3]The plaintiff did not provide a citation to this case in her motion for reconsideration.

[4]The plaintiff did not provide a citation to this case in her motion for reconsideration.

6

the plaintiff's assertion, this case was never cited in her response to the motion for summary judgment.  Finally, the plaintiff contends that whether the bank acted willfully to allow the plaintiff to seek an award of punitive damages is a question for the jury.

In closing, the plaintiff states that the Court's late ruling was "rude" and that it disregarded the facts and law.  The plaintiff goes on to say that the ruling represents a "glaring miscarriage of justice, erodes public confidence in the fairness of our courts, and appears to continue the reputation of West Virginia's courts as a 'judicial hellhole.'"  Lastly, the plaintiff requests that the Court rescind its opinion granting summary judgment and allow the case to proceed to trial.

The motion for reconsideration sets forth a variety of assertions, yet none of the plaintiff's arguments support relief from a final judgment pursuant to Rule 60(b).  The plaintiff does not allege mistake, inadvertence, surprise, or excusable neglect.  See Fed. R. Civ. P. 60(b)(1).  The plaintiff does not allege newly discovered evidence.  See Fed. R. Civ. P. 60(b)(2).  However, she does cite case law not previously included in her briefing on the motion for summary judgment.  The plaintiff does not allege fraud, misrepresentation, or misconduct by an opposing party.  See Fed. R. Civ. P. 60(b)(4).  Instead, she voices her complaints regarding this Court's earlier denial of her motion to amend the complaint -- a matter unrelated to the motion for summary judgment.  The

plaintiff does not allege that the judgment has been satisfied, released, or discharged, or that it is based on an earlier judgment that has been reversed or vacated, or that applying it prospectively is no longer equitable.  See Fed. R. Civ. P. 60(b)(5).  In sum, no assertion in the plaintiff's motion for reconsideration supports relief under Rule 60(b).

## IV.  Conclusion

For the reasons stated above, the plaintiff's Rule 60(b) motion for reconsideration of summary judgment (ECF No. 66) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     January 31, 2012


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE